IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MIKA COHEN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| vs. | ) COMPLAINT |
| | ) |
| STERLING JEWELERS INC., | ) |
| a subsidiary of SIGNET JEWELERS | ) |
| LIMITED, d/b/a KAY JEWELERS, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 to address unlawful religious discrimination by Sterling Jewelers Inc., a subsidiary of Signet Jewelers Limited, d/b/a KAY Jewelers [hereinafter referred to as "Signet"], against its employee Mika Cohen. Specifically, Signet terminated Plaintiff Mika Cohen, an assistant manager employed for more than three years, after Mrs. Cohen shared her religious beliefs with a coworker. In support thereof, Plaintiff alleges, and states as follows:

## ADDRESSES OF THE PARTIES

1. Plaintiff Mika Cohen, a resident of Uniontown, Ohio, may be contacted through her counsel, whose addresses are noted in this Complaint, so that her privacy is maintained.

2. Defendant, Signet Jewelers Limited operates over 2,700 locations under varying name brands, such as Kay Jewelers, Zales, and Jared. It does business in Ohio through its subsidiary, Sterling Jewelers Inc, d/b/a KAY Jewelers. *See* https://signetjewelers.com/our-company/default.aspx. Signet's North American Headquarters, and one of KAY Jewelers' registered locations, is 375 Ghent Rd., Fairlawn, Ohio, 44333.

3. Plaintiff worked at Defendant's store, KAY Jewelers located at 4215 Belden Village St., NW, Suite B6, Canton, Ohio 44718.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1343.

5. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

7. All unlawful employment practices occurred within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

8. Plaintiff, Mika Cohen, is an individual and citizen of Ohio.

9. Defendant Signet Jewelers is organized under the laws of Ohio with its headquarters located at 375 Ghent Rd., Fairlawn, Ohio, 44333.

10. Defendant maintains locations throughout the State of Ohio, including in Fairlawn/Akron, and maintains 30,000 or more employees throughout the country. *See* https://signetjewelers.com/our-company/default.aspx

## ADMINISTRATIVE PROCESS

11. On or about October 5, 2023, Plaintiff sent a Demand Letter to Defendant Signet Jewelers complaining of discriminatory acts alleged herein.

12. On or about March 13, 2024, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") (Case No. AKR73(005602)031342024).

13. On or about March 17, 2024, Plaintiff submitted an inquiry (No. 532-2024-02212) to the EEOC.

14. On or about April 10, 2024, Plaintiff filed additional paperwork regarding her workplace discrimination complaint against Defendant via email and fax to the EEOC, thereby formally filing her charge of discrimination.

15. On May 15, 2024, EEOC notified Plaintiff that the EEOC was closing the Charge as duplicative of the OCRC charged filed by Plaintiff.

16. Plaintiff's Charge with the OCRC proceeded as Defendant had requested to try and resolve the matter via mediation.

17. On or about July 15, 2024, Plaintiff was contacted by the OCRC, to see if a resolution could be reached via mediation.

18. Plaintiff agreed to participate in that mediation, which took place on or about August 15, 2024, but was ultimately unsuccessful.

19. Upon the conclusion of that mediation, Plaintiff requested her Right to Sue letter.

20. On October 3, 2024, OCRC issued a Right to Sue letter to Plaintiff. Attached hereto as Exhibit 1 is a true and correct copy of the notice.

21. On November 19, 2024, and in response to Plaintiff's request, the EEOC issued a Right to Sue letter to Plaintiff and notified her that her charge was being dismissed. Attached hereto as Exhibit 2 is a true and correct copy of the notice.

22. Plaintiff has met all administrative prerequisites necessary for filing this action.

## FACTUAL ALLEGATIONS

23. Plaintiff began her employment with Defendant, Signet, on or about October 30, 2018, where she worked as a Sales Associate until her promotion to Assistant Manager approximately two (2) years later.

24. Plaintiff continued to work for Defendant as an Assistant Manager without issue until she was terminated on or about August 7, 2023.

25. Plaintiff was one of the top sales associates for Defendant.

26. Defendant tasked Plaintiff with training and mentoring an employee who later became an assistant manager at the store.

27. Plaintiff was consistently a reliable employee for Defendant who even took calls from her team members and customers during off and vacation days. She also assisting in scheduling needs on her days off.

28. Plaintiff is a Christian and attends two local churches: Church of Nazarene at Cottage Grove, and Akron Grace Church.

29. Since the time that Plaintiff began working for Defendant, Plaintiff's coworkers and managers for Defendant have been aware that Plaintiff is a Christian, as she has been open about her faith, including telling customers to have a "Blessed Day," praying over her food at lunch, and having conversations with other coworkers who are also Christians.

30. Plaintiff believes that the Holy Bible (scripture) is the word of God that it instructs her in truth, God's design for the world and the creation of human beings.

31. Plaintiff holds deep and sincere personal religious beliefs and views that align with scripture that God created men and women, that marriage is defined in the Bible as between one man and one woman only.

32. Any sexual activity or identity which takes place outside of this Biblical context is contrary to her understanding of Biblical teaching and truths.

33. Plaintiff holds the personal religious belief that all people need Jesus.

34. Plaintiff believes, based on Biblical teachings, that every Christian is called to love and treat everyone with respect and compassion, irrespective of their religious or other beliefs.

35. Plaintiff believes, based on Biblical teachings, that every Christian is called to express in word and deeds Christ's love for everyone.

36. Plaintiff also believes, as scripture instructs, that she must honor God and acknowledge Him before man, and that she cannot deny Him by denying the truth about Himself and others.

37. During her employment with Signet, Plaintiff served all customers without discrimination on any basis including sexual orientation.

38. On or about June 2023, Plaintiff and her co-worker were in the back room of the store working together with no one else present.

6

39. Plaintiff's co-worker initiated a private conversation with Plaintiff that centered on the celebration of "Pride Month," along with its various decorations and demonstrations.

40. Plaintiff's co-worker shared how much she enjoyed Pride Month, and her excitement about all the activities that went along with it.

41. Plaintiff's co-worker then asked Plaintiff to share her thoughts and beliefs about Pride Month.

42. Plaintiff's co-worker offered her own view of God's opinion about Pride Month.

43. During that conversation, and only after being repeatedly asked by her co-worker to share her beliefs and viewpoints, Plaintiff shared her sincerely held religious beliefs about human sexuality, God's creation of men and women, and His design for marriage.

44. Plaintiff also added that "everyone has a right to their own opinion and their own beliefs," and attempted to disengage the conversation.

45. Following that private conversation, the relationship between Plaintiff and her co-worker remained seemingly normal, with no apparent hostilities, with the co-worker even continuing to invite Plaintiff on occasion to accompany her on shopping trips as well as confiding in Plaintiff about personal issues.

46. On or about July 31, 2023, a month following Plaintiff's conversation with her co-worker, Plaintiff received a phone call from Lisa Pacconi, an Internal Investigator for Signet, who then asked Plaintiff a series of questions, informing her that a team member had made allegations against her for sharing her religious beliefs.

47. The following day, on or about August 1, 2023, Plaintiff received an email from Ms. Pacconi informing her that the investigation had concluded and that its findings had been shared with Plaintiff's HR Business Partner.

48. On August 2, 2023, Plaintiff met with Jared Fritz, the District Manager, to discuss what occurred. Mr. Fritz suggested that Plaintiff take some time off since she was so upset about the allegations and the investigation.

49. Plaintiff had already planned to take some time off that week, and took time off from August 3, 2023, to August 6, 2023.

50. Upon her return on August 7, 2023, Mr. Fritz informed her that her employment had been terminated because Plaintiff had "admitted to talking about God during a conversation with a co-worker at work."

51. Plaintiff was extremely distraught regarding her termination simply because she told HR the truth and shared Biblical truths in response to questions solicited from her co-worker.

8

52. Plaintiff told Mr. Fritz that she had done nothing wrong in sharing the Bible's teaching that if we deny Jesus in front of man, He will deny us in front of His Father.

53. Regardless, Mr. Fritz instructed Plaintiff to clear out her things, return her keys, and leave the store.

54. Plaintiff never received a formal termination letter nor any further explanation for her termination.

55. Plaintiff was extremely distraught by both the co-worker's allegations and her abrupt termination from Signet.

56. In addition to the stress of an unjust termination, Plaintiff was left without medical insurance coverage forcing her to cancel several doctor's appointments; she also cancelled medical screenings, because she could not afford to pay for these services without insurance.

57. Plaintiff's termination also left her family without its primary source of income to pay bills.

58. To Plaintiff's knowledge, Defendant has taken no similar action against the co-worker who initiated the June conversation sharing both her own secular and religious views with Plaintiff.

9

59. In direct violation of its stated commitment to inclusion and diversity, Signet terminated Plaintiff because of her religious beliefs, which it discriminatorily deemed offensive and undesirable.

60. Until she was terminated, Plaintiff maintained a stellar employment record with Signet.

61. As a result of Signet's unlawful discrimination, Plaintiff has suffered irreparable injury, emotional and monetary damages, and has incurred attorneys' fees and costs.

62. Plaintiff remained persistent in her search for employment elsewhere after her termination. After being rejected by multiple prospective employers, Plaintiff was forced to take a lower paying job at Sam's Club.

63. Even after obtaining employment at Sam's Club, Plaintiff continued to seek employment elsewhere because she was unable to pay all her bills with the compensation provided by Sam's Club.

64. In October, Plaintiff sought and obtained employment at AT&T. She remains unable to pay all her bills because the compensation she receives from AT&T is still inferior to the compensation she received from Defendant.

## CAUSES OF ACTION

### COUNT I

### Violation of Title VII – Disparate Treatment

65. The allegations above are incorporated by reference herein as if fully set out.

66. Pursuant to Title VII, "religion includes all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

67. Defendant Signet is an employer pursuant to Title VII, 42 U.S.C. § 2000e(b).

68. Title VII prohibits unlawful employment practices "to discharge any individual, or otherwise to discriminate against any individuals with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

69. Pursuant to Title VII and having sincerely held religious beliefs of which Signet was fully aware, Plaintiff belongs to a protected class.

70. Signet's decision to terminate Plaintiff was not based on objective, job-related criteria, but upon her religious beliefs.

71. Signet would not have terminated Plaintiff but for her religious beliefs.

72. At a minimum, Plaintiff's religion was a motivating factor for her termination.

73. The effect of Signet's practices complained of in the paragraphs above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

74. The unlawful discriminatory practices of Signet Jewelers complained of in the paragraphs above were intentional.

75. The unlawful discriminatory practices of Signet have denied Plaintiff compensation as well as other benefits of employment to which she is entitled.

76. The unlawful discriminatory practices of Signet were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

77. Plaintiff is entitled to front pay, back pay and compensatory damages and injunctive relief to be restored to her position.

## COUNT II

### Violation of Ohio Revised Code 4112 – Religious Discrimination

78. The allegations above are incorporated by reference herein as if fully set out.

79. Having sincerely held religious beliefs of which Signet was fully aware, Plaintiff belongs to a protected class.

80. Plaintiff worked in her position as Assistant Manager for more than three years without any issues and was qualified for her position.

81. Signet's decision to terminate Plaintiff was not based on objective, job-related criteria, but upon her religious beliefs and constitutes an adverse employment action.

82. Plaintiff's co-worker who shared her own beliefs on the same topic for which Plaintiff shared her religious beliefs was not terminated and did not suffer any other adverse employment action.

83. Employees of Signet regularly engaged in conversations regarding personal views and beliefs. Upon information and belief, no employee, except for Plaintiff, has been disciplined or terminated for sharing their personal views or beliefs.

84. The effect of Signet's practices complained of in the paragraphs above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

85. The unlawful discriminatory practices of Signet Jewelers complained of in the paragraphs above were intentional.

86. The unlawful discriminatory practices of Signet have denied Plaintiff compensation as well as other benefits of employment to which she is entitled.

87. The unlawful discriminatory practices of Signet were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

88. Plaintiff is entitled to front pay, back pay and compensatory damages and injunctive relief to be restored to her position.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mika Cohen respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a) An injunction enjoining Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from engaging in religious discrimination.

(b) A declaration that Defendant's actions violated Plaintiff's rights under Title VII.

(c) A declaration that Defendant's actions violated Plaintiff's rights under Ohio Rev. Code 4112.

(d) An order requiring Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, regardless of religion and/or religious beliefs.

(e) Appropriate backpay with prejudgment interest in an amount to be determined at trial and other affirmative relief necessary to eradicate the effects of unlawful employment practices complained of herein, including but not limited to awarding front pay.

(f) Compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of herein in an amount to be determined at trial.

(g) Compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including emotional pain and suffering, in an amount to be determined at trial.

(h) Punitive damages in an amount to be determined at trial.

(i) Reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 42 U.S.C. § 2000e-5(k).

(j) An Order granting Plaintiff all further relief to which Plaintiff may be entitled.

Plaintiff demands a jury trial.

Dated: November 26, 2024.                    Respectfully submitted,

**AMERICAN CENTER FOR
 LAW & JUSTICE**

/s/ Elgine Heceta McArdle
Ohio Bar No. 0072156
2135 Market Street
Wheeling, WV 26003
Tel. (304) 232-0700
Fax (304) 214-1703
elgine@mcardlelawoffice.com

Olivia F. Summers*
1000 Regent University Drive
RH 422
Virginia Beach, VA 23464
Tel. 757-226-2489
Fax. 757-226-2836
osummers@aclj.org

Abigail Southerland*
625 Bakers Bridge Ave.,
Suite 105-121
Franklin, TN 37067
asoutherland@aclj.org

*Motion/application for admission forthcoming

***Counsel for Plaintiff***

15